Filed 6/7/13  P. v. Hasan CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057248 |
| v. | (Super.Ct.No. FVI1200915) |
| AMIDA ESTED HASAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury found defendant and appellant Amida Ested Hasan guilty of two counts of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), counts 1 & 2) and two counts of misdemeanor battery (Pen. Code, § 242, counts 3 & 4). The jury also found true that in the commission of count 1 defendant had personally inflicted great bodily injury upon the victim. (Pen. Code, § 12022.7, subd. (a).)[1] After the trial court denied defendant's motion for a new trial, defendant was sentenced to a total term of eight years in state prison with credit for time served. Defendant appeals from the judgment. We find no error and affirm.

I

FACTUAL BACKGROUND

On January 19, 2012, a group of four girls were walking home from Hook Junior High School in Victorville when they were approached by a group of five or six individuals. The girls recognized the male juvenile and his sisters from school. Defendant approached one of the girls, O.L., and accused her of pushing defendant's son off of his bicycle and hitting him. Soon thereafter, defendant instructed her eight-year-old daughter to fight with O.L. The young girl began to punch O.L., who began to cry and state that she wanted to go home. As O.L. turned around, defendant slapped her in the mouth. O.L. believed that defendant had a pair of keys in her right hand when she hit her.

---

[1] The jury found not true the allegations that defendant used a deadly and dangerous weapon (Pen. Code, § 12022, subd. (b)(1)) in the commission of counts 1 and 2.

2

As defendant, her son, and one of her daughters held O.L., defendant then instructed her 18-year-old daughter Bella to fight another girl, P.L. Bella pulled P.L.'s hair and began to punch her. Defendant also pulled P.L.'s hair, as Bella slammed P.L. against a brick wall and continued to beat her.

Meanwhile, Christina C., her wife Jennie C., the couple's foster daughter, and Jennie's younger sister, who were stopped in their car at an intersection, saw the altercation. Jennie and Christina got out of their car and yelled for the group to stop. Defendant and one of the teenage girls, while holding their fists up, then charged toward Christina. Defendant yelled at Christina, asking her whether she wanted to fight. Christina said that she did not want to fight and told defendant to leave the girls alone.

However, defendant swung at Christina and missed. Jennie pushed Christina back into the car. Defendant and the teenage girl followed Christina and began punching her on the side of her head. Defendant grabbed Christina's hair, and hit her a few times on the top of her head and nose with her fists, while the teenage girl kicked her from behind. Jennie tried to protect Christina by standing in front of her, and as a result, she was also kicked and hit in the head. At one point, defendant hit Jennie on the side of her head, causing her to fall over the passenger side of the hood and bleed. Jennie was unable to see, and there was blood on her face, ground, and side of the car. Defendant continued to hit Jennie as she fell over the hood of the car.

Other drivers tried to intervene but were stopped by defendant. The group eventually walked away when the couple's foster daughter yelled "police." As defendant was leaving and waving her hands, Christina noticed a pair of keys in her hand.

3

Within minutes of a 911 call, police arrived, spoke with the witnesses, and took photographs. O.L. had no visible injuries; P.L. sustained a small mark on her arm; Christina had chucks of missing hair, welts on her forehead, and bruising on her back and shoulders; and Jennie had a wound to her right eye, cuts on her face, and injuries to her mouth and nose. Jennie was transported to a hospital, and then airlifted to Arrowhead Regional Medical Center. Jennie received 22 stitches for lacerations on her face and continued to suffer headaches and pain on the right side of her head.

## II

## DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.